US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

FEB 16 2017

DOUGLAS F. YOUNG, Clerk
By _____
Deputy Clerk

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

---

DANIEL L. RATTERREE AND TAMMY RATTERREE, his wife

Plaintiffs,

vs.

BKB EMPLOYEE BENEFIT HEALTH PLAN (PLAN ID # 501) a/k/a BKB EMPLOYEE BENEFIT HEALTH PLAN TRUST, c/o THOMAS KENNON, PLAN ADMINISTRATOR
P.O. BOX 819
FORT SMITH, AR 72902; AND

BMI, INC., PLAN SPONSOR
P.O. BOX 819
FORT SMITH, AR 72902; AND

KOPCO, INC., PLAN SPONSOR
 d/b/a Butler & Cook, Inc.
7900 Ball Road, Fort Smith, AR 72908
Registered Agent: John Koprovic
 8307 Ball Road
 Fort Smith, AR 72908

THOMAS KENNON, IN HIS CAPACITY AS
PLAN ADMINISTRATOR
P.O. BOX 819
FORT SMITH, AR 72902; AND

HCC LIFE INSURANCE COMPANY, PLAN INSURER, c/o NATIONAL REGISTERED AGENTS, INC.
 124 W. Capitol Ave., Suite 1900
 Little Rock, AR 72201; and

HEALTHSCOPE BENEFITS, INC.,
 c/o Corporation Service Company
 300 Spring Building, Suite 900
 300 S. Spring Street
 Little Rock, AR 72201

Defendants.

Civ. No. 17-2031

**Complaint**

Plaintiffs Daniel L. and Tammy Ratterree, through counsel and for their Complaint against the Defendants, state and allege as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to

    28 U.S.C § 2201 and FRCP 57 (relief in the nature of a declaratory judgment); and

    29 U.S.C. § 1132(a)(1)(B) (action by ERISA beneficiary seeking clarification of future rights under terms of plan); and

    29 U.S.C. § 1132(a)(3)(A) (action by ERISA beneficiary seeking to enjoin an act or practice which violates terms of the plan); and

    29 U.S.C. § 1132(a)(3)(A) (action by ERISA beneficiary seeking appropriate equitable relief to redress violations of plan and to enforce provisions of ERISA and the terms of the plan).

2. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C § 1331, 29 U.S.C § 1132, and 28 U.S.C § 2201.

3. Defendants are subject to this Court's *in personam* jurisdiction because the plan was administered in this district and division, because Defendants "reside" in the state of Arkansas pursuant to 28 U.S.C § 1391(c).

4. Venue is proper in this Court, pursuant to 29 U.S.C § 1332(e)(2), because the plan was administered in this district.

## PARTIES

5. At all times relevant, Defendants BMI, INC. and KOPCO, Inc. have served as sponsors and fiduciaries for BKB EMPLOYEE BENEFIT HEALTH PLAN (PLAN ID # 501), which is also known as BKB EMPLOYEE BENEFIT HEALTH PLAN TRUST, ("BKB PLAN"). BKB PLAN is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(3).

6. At all times relevant, Defendant Thomas Kennon has served as the Plan Administrator and fiduciary for BKB PLAN.

7. At all times relevant, BKB PLAN provided major medical and welfare benefits for BMI, INC.'s employees, as well as employees of KOPCO, Inc. (d/b/a Butler & Cook), and for the dependents of said employees.

8. Plaintiff Daniel Ratterree was, at all times relevant, an ERISA "participant" as described by 29 U.S.C. §1002(8) of the BKB PLAN and, as such, was entitled to benefits under the BKB PLAN.

9. At all times relevant HCC LIFE INSURANCE COMPANY ("HCC") is and has been an "insurer" of BKB PLAN, providing "insurance" to BKB PLAN, and acting as an "insurance company" as described by 29 U.S.C. 1144 (b)(2).

10. At all times relevant HEALTHSCOPE is and has been a "contract administrator," also known as a "third party administrator" for BKB PLAN. HEALTHSCOPE may also have been, at times relevant, an "insurer" of BKB PLAN, providing "insurance" to BKB PLAN, and acting as an "insurance company" as described by 29 U.S.C. 1144 (b)(2).

## FACTS

11. Plaintiffs reside and have resided, at all times relevant, in Ratcliff, Franklin County, Arkansas. All relevant facts to this Complaint have occurred in Fort Smith, Sebastian County, Arkansas.

12. On or about February 18, 2016, Plaintiff Daniel Ratterree ("Daniel") was operating his 2005 Harley-Davidson Motorcycle in a safe and prudent manner, free from negligence, eastbound on Zero Street approaching Remington Circle in Fort Smith, Arkansas.

13. On that date and at that time, Daniel was severely injured by the negligence of one Sally M. Thompson who disobeyed a traffic control signal by making an illegal left hand turn directly into the path of Plaintiff Daniel Ratterree.

14. Daniel sought medical care from various health care providers, persons and entities.

15. Daniel sustained significant injuries including but not limited to a fractured left femur, cervical spine trauma with resulting upper and lower extremity weakness and paralysis; C3 chip fracture; pulmonary contusion with hypoxic hypercapnic respiratory failure; and quadriparesis. Daniel suffered severe temporary and permanent disabling injuries.

16. Daniel has required assistance and help in the home and will continue to require such assistance and help in the home throughout his lifetime.

17. As a result of these injuries, Plaintiff Tammy Raterree ("Tammy") has suffered loss of consortium and other damages.

18. BKB PLAN provided coverage and payment of no less $401,572.29 in medical benefits relating to Daniel's injuries.

19. Plaintiffs are pursuing tort claims against Sally M. Thompson in the Circuit Court of Sebastian County, Arkansas. Said claims are currently pending, but are likely to be resolved in the near future.

20. Plaintiffs have, through contact between their attorney and Defendants, been unable to secure a voluntary relinquishment of a possible lien assertion or, alternatively, an appropriate lien reduction.

21. Defendants refused to relinquish a lien assertion or provide an appropriate lien reduction. Defendants have refused to cooperate in resolving the matter.

22. Furthermore, Defendants, through their attorney have, on more than one occasion, threatened to sue Plaintiffs in federal court in Ohio, the situs of the law office for the attorney representing Defendants in this matter. Defendants' most recent threat of filing suit in federal court in Ohio was presented to Plaintiffs on Monday, February 13, 2017.

## COUNT I: Subrogation/Reimbursement would Violate ERISA's Anti-inurement Provision

23. Plaintiffs reallege and incorporate by reference paragraphs 1 through 22 as if the same were fully set forth herein.

24. The ERISA "anti-inurement" provision is found at 29 U.S.C. § 1103(c), which states, "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purpose of providing benefits to participants in the plan."

25. Funding for the BKB PLAN's operation is and has been derived from contributions made by both the employer and the employees.

26. The amount of funding provided by employees for the operation of the BKB PLAN is substantial. For the year 2015, there were 206 participants in the BKB PLAN initially, decreasing to 205 participants by the end of the year. These participants contributed $271,466 of their own personal funds to the operation of the BKB PLAN.

27. Defendant Plan Sponsors, BMI, INC. and KOPCO, Inc., maintain the right, in their sole discretion, to terminate health care coverage offered to their employees at any time.

28. Any subrogated recovery the BKB PLAN receives against Plaintiffs would constitute an "asset" of the plan, but would be of no benefit whatsoever to the members of the 2016 pool of insureds, including Plaintiffs, each of whom is paying and has already paid a premium for his/her coverage.

29. Subrogated recoveries are not reflected in the setting of rates. A subrogated recovery in favor of the BKB PLAN falls contrary to the intentions of ERISA's anti-inurement provision.

30. Most of Daniel's medical bills were covered by stop loss insurer HCC. All of Daniel's medical bills in excess of the first $40,000 are and have been covered by stop loss coverage with HCC.

31. BKB PLAN may also have the ability to collect more than the amount in excess of $40,000 (the individual deductible or attachment point), depending upon the fulfillment of the "aggregate deductible" for all claims of all participants.

32. As a result, the vast majority of any reimbursement recovery would be paid to HCC, the stop loss insurer for BKB PLAN and not to the ERISA plan itself or to the plan participants or beneficiaries.

33. BKB PLAN's efforts to collect reimbursement from Plaintiffs violate ERISA's anti-inurement provision because the subrogated recovery would constitute a plan asset and it would flow exclusively as a windfall to the benefit of the employer and/or to the plan's insurers – not to the benefit of the employees insured in the 2016 pool of insureds.

## COUNT II: Subrogation/Reimbursement is not authorized by the Terms of Plan Document

34. Plaintiffs reallege and incorporate by reference paragraphs 1 through 22 as if the same were fully set forth herein.

35. Defendants' assertion of a subrogation claim or right of reimbursement is not supported by the legally-required language in the BKB PLAN's "plan document" as required by 29 U.S.C. §1102(a)(1) and federal common law.

## COUNT III: BKB Plan's Effort to Seek Subrogation or Reimbursement Violates its Fiduciary Obligations

36. Plaintiffs reallege and incorporate by reference paragraphs 1 through 22 as if the same were fully set forth herein.

37. Defendants are and were, at all times relevant, ERISA fiduciaries.

38. An ERISA fiduciary is required to "discharge his duties with respect to a plan solely in the interest of participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (B) defraying reasonable expenses of administering the plan." 29 U.S.C. §1104(a).

39. Defendants' efforts to collect reimbursement from Plaintiff is an effort to use plan assets in a manner than other than for the exclusive purpose of providing benefits to ERISA participants and beneficiaries.

40. Defendants' conduct in seeking reimbursement from Plaintiffs violates their statutory fiduciary duties.

## COUNT IV: Subrogation/Reimbursement Is Subject to Arkansas' "Make Whole" Doctrine for any "Insurance of the Risk"

41. Plaintiffs reallege and incorporate by reference paragraphs 1 through 22 as if the same were fully set forth herein.

42. Arkansas law permits subrogation on personal injury claims only when the insured is "made whole" or fully compensated for all injuries sustained. *Williams v. State Farm*, 2014 WL 12102164 (E.D.Ark.); *Eastwood v. Southern Farm Bureau Cas. Ins. Co.*, 2012 WL 2952172, (W.D. Ark. 2012).

43. ERISA's saving clause, 29 U.S.C. 1144 (b)(2)(A), provides:

> Except as provided in subparagraph (B), *nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance*, banking, or securities. (emphasis added).

44. State law regulating subrogation is a "regulatory law" saved by ERISA's saving clause. *FMC Corp. v. Holliday*, 498 U.S. 52 (1990); *Wurtz v. Rawlings Co., LLC*, 761 F.3d 232 (2d Cir.2013) (cert denied 135 S.Ct. 1400, 2/23/15); *Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326 (5th Cir. 2008); *Singh v. Prudential Health Care Plan, Incorporated*, 335 F.3d 278 (4th Cir. 2003).

45. Defendants' claim to subrogation or reimbursement for funds that have been paid by commercial insurers, or for which Defendants have received reimbursement by commercial insurers, is subject to a determination as to whether Plaintiffs will be fully compensated or made whole by any recovery secured from the tortfeasor.

46. The application of Arkansas' "make whole" doctrine in this case precludes an award in the nature of subrogation or reimbursement in favor of HCC and in favor of HEALTHSCOPE in so far as it is an insurer of the plan in this case.

47. Furthermore, the application of Arkansas' "make whole" doctrine in this case also precludes an award in the nature of subrogation or reimbursement

in favor of BKB PLAN for any amount in excess of $40,000 (or a lesser amount as a result, depending upon the fulfillment of the "aggregate deductible" for all claims of all 2016 participants) because said award would be paid over to (or credited to) the BKB PLAN's insurer HCC, as well as to any amount flowing to HEALHSCOPE in so far as HEALTHSCOPE is an insurer of the plan.

## COUNT VI: Subrogation/Reimbursement Would Constitute an Unconstitutional Taking

48. Plaintiffs reallege and incorporate by reference paragraphs 1 through 22 as if the same were fully set forth herein.

49. A cause of action is a "property right" which is entitled to "due process" protection by both the 5th and 14th Amendments.

50. Under the Fifth and Fourteenth Amendments, a federal or state actor cannot take a person's private property without due process of law and without "just compensation."

51. Plaintiffs have property rights in their causes of action for damages, of which they may not be deprived without due process of law. Since their recovery will be significantly less than their true loss, they would in fact be losing "protected property" if the Plan were permitted to "take" from their recovery.

52. BKB PLAN operates as a federally protected ERISA plan and, as such, operates under color of federal law.

53. BKB PLAN's claim for reimbursement, if granted, will result in a taking of Plaintiffs' property without due process and without just compensation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Daniel L. and Tammy Ratterree request this Court:

A. Enter its order granting a declaratory judgment declaring that Defendants do not have a valid claim for reimbursement or subrogation because such a claim is prohibited by ERISA's anti-inurement provisions; and

B. Enter its order granting a declaratory judgment declaring that Defendants do not have a valid claim for reimbursement or subrogation because there is no such right granted to it by the terms of its plan document; and

C. Enter its order granting a declaratory judgment declaring that Defendants' claims are prohibited from recovering any reimbursement because to do so would constitute a breach of their statutorily imposed obligations as ERISA fiduciaries, which mandates that it utilize plan assets for the exclusive purpose of providing benefits to ERISA participants and beneficiaries; and

D. Enter its order granting a declaratory judgment declaring that Defendants are prohibited from recovering any reimbursement because to do so would constitute an unlawful taking of Plaintiffs' property without due process and without just compensation, contrary to the 5th Amendment to the U.S. Constitution; and

E. Enter its order granting a declaratory judgment declaring that Arkansas's "Make Whole" law precludes an award in the nature of subrogation or reimbursement in favor of BKB PLAN for any amount in excess of $40,000 (or a lesser amount as a result, depending upon the fulfillment of the "aggregate deductible" for all claims of all 2016 participants) because said award would be paid over to (or credited to) the BKB PLAN's insurer HCC as well as HEALHSCOPE in so far as HEALTHSCOPE is an insurer of the plan.

F. Enter its order denying or limiting Defendants' reimbursement claim as "other relief" which this court "deems proper," as authorized by 29 U.S.C. §1132(c)(1).

G. Award Plaintiffs attorney fees and costs pursuant to ERISA, 29 U.S.C. § 1132(g).

H. Award any other relief to which Plaintiffs may be entitled, as this Court deems just and proper.

Respectfully submitted,

_____
Bennett S. Nolan

NOLAN CADDELL REYNOLDS
P.O. Box 184
Fort Smith, AR 92902-0184
(479) 782-5297
(479) 782-5184)
Ark. Bar # 78120
e-mail: bnolan@justicetoday.com

/s/ Roger M. Baron
Roger M. Baron*
Attorney at Law
Professor Emeritus
University of South Dakota School of Law
22771 W. Spring Harbor Rd
Siloam Springs, AR 72761
(479) 549-1884, phone
e-mail: Roger.Baron@usd.edu


*Application for admission Pro Hac Vice pursuant to Local Rule 85.3(d) is being prepared and will be submitted within 30 days of the filing of this complaint.

ATTORNEY FOR PLAINTIFFS